1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CECIL JEROME HATCHETT,                      No.  2:19-cv-2628 JAM CKD P

12                        Petitioner,

13            v.                                   FINDINGS AND RECOMMENDATIONS

14    KEN CLARK,

15                        Respondent.

16

17        Petitioner, a state prisoner, is proceeding pro se and seeking a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.  On April 10, 2020, the court dismissed petitioner's amended

19    petition for writ of habeas corpus with leave to file a second amended petition.  Petitioner has

20    now filed a second amended petition.

21        Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all

22    petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the

23    petitioner is not entitled to relief.  The court has conducted that review.

24        Petitioner challenges a Sacramento County Superior Court conviction for indecent

25    exposure.  In his second amended petition, petitioner asserts the sentence for that offense was

26    served in full before this action was filed.  ECF No. 16 at 16.

27        The federal writ of habeas corpus is only available to persons "in custody" for the

28    conviction or sentence under attack at the time the petition is filed.  28 U.S.C. § 2254(a); Maleng

1

1   v. Cook, 490 U.S. 488, 490-91 (1989).  Petitioner seems to suggest that the fact that he will have

2   to register as a "sex offender" under California law when he has served his prison term on an

3   unrelated offense satisfies the "in custody" requirement.  That is not so; California's sex offender

4   registration requirement "does not constitute the type of severe, immediate restraint on physical

5   liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas relief."

6   Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999).

7         In light of the foregoing, the court cannot grant petitioner habeas corpus relief as to his

8   indecent exposure conviction.  Therefore, the court will recommend that petitioner's second

9   amended petition for writ of habeas corpus be dismissed and this case be closed.

10        Accordingly, IT IS HEREBY RECOMMENDED that:

11        1.       Petitioner's second amended petition for writ of habeas corpus (ECF NO. 16) be

12   summarily dismissed; and

13        2.       This case be closed.

14        These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after

16   being served with these findings and recommendations, petitioner may file written objections with the

17   court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

18   Judge's Findings and Recommendations." In his objections, petitioner may address whether a

19   certificate of appealability should issue in the event he files an appeal of the judgment in this case.

20   See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

21   certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a

22   habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the

23   prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was

24   correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the

25   petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d

26   775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner is advised

27   /////

28   /////

2

that failure to file objections within the specified time may waive the right to appeal the District

Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hatc2628.114(3)